GEORGE WASHINGTON, Respondent, *v.* THE STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY, Appellant.

*Defective dock — voluntary use of it with knowledge of its condition — contributory negligence.*

A party cannot voluntarily make use of a dock or pier, knowing that it is unfit for the purpose for which he proposes to use it, and then claim compensation for damages sustained by reason of the imperfections of which he had knowledge.

The act of the owner of a canal boat in voluntarily remaining at a dock to unload, after he has ascertained that his boat is liable to be injured by the condition of the bottom of the dock, constitutes contributory negligence, which prevents his recovering damages from the lessee of the dock for injuries thereafter sustained by the boat by reason of the condition of the bottom of the dock.

APPEAL by the defendant, the Staten Island Rapid Transit Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 14th day of December, 1892, in favor of the plaintiff, upon a verdict rendered at the New York Circuit on the 9th day of December, 1892, and from an order entered in said clerk's office on the 13th day of December, 1892, denying the defendant's motion for a new trial, made upon the minutes.

*A. Boardman*, for the appellant.

*Mr. Hyland*, for the respondent.

VAN BRUNT, P. J. :

This action was brought by the owner of the canal boat *M. E. Washington* to recover damages sustained by his vessel by reason of the bad condition of the bottom of a certain dock at Clifton, S. I., of which the defendant was the lessee.

It appeared that the Staten Island Railroad Company in 1884 leased to the defendant for the term of ninety-nine years the premises in question, with others, and that the defendant agreed to keep and maintain the demised premises for and during the term of the lease in good condition and repair, and at the termination thereof to restore the same, etc. It was admitted upon the trial that the dock was in the possession of one Lord, who paid rent to the defend-

ant; but what the terms and conditions were under which Lord was in possession of the dock nowhere appeared.

The evidence showed that the plaintiff came with his boat loaded with coal to be unloaded at this wharf; that he arrived at five o'clock in the morning when the tide was falling; that he sounded the bottom and laid his boat so that he could discharge by means of a derrick which was upon the dock. As the tide went out his boat rested upon the bottom. There were big lumps upon the bottom and she sprang a leak as soon as she got upon the bottom. When the tide rose again the leak stopped and the plaintiff commenced unloading his boat. During the time the plaintiff was there she rested on the bottom. eight times and leaked every time, and the plaintiff having shifted his boat for the purpose of getting the coal out of her, the boat was affected in different places by the unevenness of the bottom, and for that reason was more considerably injured than if she had not been moved.

In view of this evidence the court was asked to charge the jury that if they believed that these injuries or any part thereof were caused by the plaintiff remaining at the dock after he knew the condition of the bottom, for these injuries he could not recover.

This the court refused to charge, and an exception was duly taken. We think this was error. After the plaintiff had ascertained the unevenness of the bottom, by which his boat was liable to be injured, his voluntary continuance at this dock certainly was negligence, which contributed to such portion of the injuries as were thereafter sustained.

It further appears from the evidence of the plaintiff himself, that for the purpose of unloading his boat he changed her position, so that she became injured in different and other places of her hull, which would not have been the case had she remained in the same position, and certainly would not have been the case had she been removed when he discovered the difficulties which attended his lying there. But with full knowledge of the danger he was running, he allowed his boat to ground eight times, and thereby become injured in the serious manner claimed upon the trial.

A party cannot make use of a pier knowing that it is unfit for the purpose for which he proposes to use it, and then claim compensation for the damages sustained by the imperfections of which he

had knowledge. The plaintiff, therefore, upon ascertaining the fact that this dock was unfit for his purposes, which it is apparent he knew before he commenced unloading his boat, was bound to remove in order to escape damage, not to lie there for four days apparently for the purpose of having his boat injured as much as possible by the inequalities of the bottom.

All the cases cited to support the plaintiff's claim rest on the cardinal principle that the master of the boat had no knowledge of the obstruction which caused the injury ; and that it being one which was discoverable by reasonable care upon the part of the owner of the dock, the boat owner, being without fault, can recover. " The master of a vessel has a right to presume that all parts of a dock are safe, and is not guilty of contributory negligence by taking his boat to a place which might, under circumstances not anticipated by him, be less safe than another," is the rule laid down in 2 Shearman & Redf. on Negligence (4th ed), § 727. But no case can be found where after the master of the boat has learned of the defect, and he still persists in imperilling his boat by the use of the dock, he has a right to recover for the voluntary injury sustained after the discovery of the imperfection.

We think, therefore, the court erred in refusing to charge as requested, and that for this error the judgment must be reversed, and a new trial ordered, with costs to appellant to abide event.

O'Brien and Follett, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.